UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

Case No. 1:11-cr-157

v.

HON. JANET T. NEFF

JOSEPH STEPHEN FABIAN,

       Defendant.
_____/

**OPINION**

Pending before the Court in the forfeiture phase of this wire fraud case are the petitions of various interested parties to set aside the forfeiture of certain substitute assets (Dkts 92, 94, 95, 131, 135 & 144) and the government's motions to dismiss and/or strike the petitions (Dkts 108, 109, 110, 141 & 146). Having now fully considered the parties' written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCrimR 47. For the reasons and in the manner that follows, the Court grants the government's motions.

**I. BACKGROUND**

Defendant was charged in a wire fraud scheme in which he induced clients of his financial investment company to withdraw money from their retirement accounts, investment accounts, bank accounts, and other sources on the premise that he would invest their money into legitimate investment opportunities that he recommended (Dkt 1, Indictment at ¶¶ 1-2). However, Defendant fabricated the investment opportunities that he recommended and diverted his clients' money for his

own use, using the money to fund the operating expenses of the company and to keep afloat other businesses with which he was involved during the five-year scheme (*id.* at ¶ 2).

On May 9, 2011, Defendant executed a plea agreement with the government agreeing to waive indictment and plead guilty to a Felony Information charging him with one count of wire fraud in violation of 18 U.S.C. § 1343 (Dkt 3, Plea Agreement). The plea agreement contained a forfeiture provision whereby Defendant consented to the entry of an order of forfeiture for a money judgment in the amount of $4,809,424.78, which he agreed represented "the amount of gross proceeds obtained from his . . . scheme to defraud" (*id.* ¶ 6). The forfeiture provision further provided that the government would be entitled to the forfeiture of substitute property if Defendant did not have funds to satisfy the money judgment (*id.* ¶ 6.C). Defendant agreed to provide law enforcement with information concerning any assets derived from his illegal activities, to participate in the recovery of such assets, and to complete a Form OBD-500 financial statement listing his assets (*id.* ¶¶ 6.A, B, D).

On June 9, 2011, Defendant pled guilty pursuant to the terms of his plea agreement (Dkt 11). On June 30, 2011, Defendant executed and submitted a Form OBD-500 financial statement, with exhibits, to the United States Attorney's Office (Dkt 21-1). On July 6, 2011, this Court accepted Defendant's guilty plea (Dkt 14).

On July 14, 2011, this Court issued an Order of Forfeiture for a Money Judgment against the Defendant in the amount of $3,756,637.38 (Dkt 16). Per the government's motion, the sum of $3,756,637.38 represented the amount of gross proceeds from Defendant's fraud ($4,809,424.78 less $1,052,787.40 that Defendant had returned to victims prior to being charged) (Dkt 15, Motion for an Order of Forfeiture for a Money Judgment at 4). On July 25, 2011, the Court granted the

government's motion and issued a Preliminary Order of Forfeiture for Substitute Assets, finding from Defendant's financial statement that Defendant did not have $3,756,637.38 in U.S. currency to satisfy his money judgment and ordered the forfeiture of substitute assets (Dkt 23).

On December 5, 2011, the government moved to amend the Court's Preliminary Order of Forfeiture for Substitute Assets to specify the assets the United States Marshals Service had inventoried up to that point; to forfeit a tractor and farm implement collection Defendant had not disclosed on his financial statement; to forfeit additional military vehicles in Colona, Illinois owned by Defendant; and to forfeit Defendant's interest in any assets held in the name of various business entities and trusts with which he was associated (Dkts 34-35). According to the government, Defendant had funneled his fraud proceeds into a large amount of military surplus, vehicles, heavy equipment, and salvage, hoping to resell such items at a profit (Dkt 35 at 2). On December 7, 2011, the Court granted the government's motion and issued an Amended Preliminary Order of Forfeiture for Substitute Assets (Dkt 39).

On February 24, 2012, the government moved the Court for a Second Amended Preliminary Order of Forfeiture to identify the approximately 600 assets that were inventoried by the Marshals (Dkt 65). On February 27, 2012, the Court sentenced Defendant and issued a Second Amended Preliminary Order of Forfeiture for Substitute Assets (Dkt 68, "Forfeiture Order").

On April 11, 2012, the government began sending notices of the forfeiture of property covered by the Court's Second Amended Preliminary Order of Forfeiture via U.S. mail to individuals the government had reason to believe could be potential claimants with standing to contest forfeiture in an ancillary forfeiture proceeding (Dkt 99 at ¶ 1). *See* FED. R. CRIM. P. 32.2(b)(6)(A) (requiring the United States to "send notice to any person who reasonably appears to

be a potential claimant with standing to contest the forfeiture in the ancillary proceeding"). On April 12, 2012, the government also published notice of the forfeiture of property covered by the Court's Second Amended Preliminary Order of Forfeiture on the government's official forfeiture website (Dkt 99 at ¶ 2). *See* FED. R. CIV. P. 32.2(b)(6)(A) and (C) (requiring publication of the notice of forfeiture).

On May 11, 2012, members of Defendant's family (Defendant's wife, Karen Fabian; and his children—Jason Fabian, Kaitlyn Fabian, Heather Fabian and Stephanie Fabian) and three associated trusts (the Fabian Family Trust, the Fabian Family Trust #1, and the Fabian Family Trust #2) (collectively "the Fabians" or "the Fabian family") filed a Petition to Set Aside Forfeiture (Dkt 92). That same day, Jerry Mais filed a Petition to Set Aside Forfeiture (Dkt 94) as did Kathy Lynette Jackson (Dkt 95).[1]

The government responded on June 27, 2012, by filing three corresponding motions to dismiss (Dkts 108, 110, 109), arguing that the petitions filed by Jackson, Mais and the Fabians did not comply with the statutory mandate, for the reasons stated in its supporting brief (Dkt 111). Mais filed a response to the motion to dismiss (Dkt 130), to which the government filed a reply (Dkt 136). The Fabians also filed a response to the motion to dismiss (Dkt 132, amended by Dkt 134), to which the government filed a reply (Dkt 139).

On July 5, 2012, the government moved for a Supplemental Preliminary Order of Forfeiture for Substitute Assets, representing that it had mistakenly omitted from the proposed Second

---

[1]On June 11, 2012, Jack Fleming also filed a petition, individually and as owner and principal of ImagiGraphics Equipment Co. LLC, to set aside the forfeiture as to certain substitute assets (Dkt 104). Fleming and the government resolved his petition per the Stipulation and Order entered July 5, 2012 (Dkts 119, 123).

4

Amended Preliminary Order of Forfeiture for Substitute Assets approximately 100 of Defendant's assets that it had identified and inventoried for forfeiture in January and February 2012 (Dkt 120). The Court granted the government's motion and entered a Supplemental Preliminary Order of Forfeiture for Substitute Assets on July 11, 2012 (Dkt 124, "Supplemental Preliminary Order"). Thereafter, the government posted notice and provided direct notice as to the assets covered by the Supplemental Preliminary Order (Dkt 133 at ¶ 2).

On July 30, 2012, the Fabians filed a Petition for Relief from the Court's Supplemental Preliminary Order, claiming ten of the approximately 100 items subject to the Court's Supplemental Preliminary Order (Dkt 131). On August 3, 2012, the Fabians filed an Amended Petition to include certain signatures missing from their July 30, 2012 petition (Dkt 135 at 1). However, the Amended Petition still did not contain signatures from representatives of either SWM Holdings, LLC or Great Lakes Equities Trust (*id.*).

On October 1, 2012, the government filed a Motion to Dismiss the Fabians' Amended Petition (Dkt 141), for the reasons stated in its supporting brief, including the missing signatures (Dkt 142). On November 1, 2012, the Fabians filed a "corrected" Amended Petition for Relief from the Court's Supplemental Preliminary Order "for the sole purpose of adding the signature of SWM Holdings, LLC" (Dkt 144 at 1), noting that "[a]ll of the real estate for which the Petitioners previously claimed ownership by the Fabian Family Trust #1 is now owned by SWM Holdings, LLC" (*id.* at 1 n.1). The Fabians also filed a response in opposition to the government's motion to dismiss (Dkt 145). The government filed a reply (Dkt 147) and a Motion to Strike the "corrected" version of the Fabians' Amended Petition (Dkt 146). The Fabians did not file a response to the government's motion to strike.

5

## II. ANALYSIS

**A.    Motion Standard**

A court may, on motion, dismiss a petition asserting an interest in the property to be forfeited "for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). A petitioner must demonstrate "statutory standing . . . as well as the Article III standing required for any action brought in federal court." *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 497 (6th Cir. 1998); *see also United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) ("Standing in forfeiture cases has 'both constitutional and statutory aspects.'") (citation omitted).

With respect to Article III standing, a petitioner "must have a colorable ownership, possessory or security interest in at least a portion of the defendant property." *$515,060.42 in U.S. Currency*, 152 F.3d at 497. With respect to statutory standing, subsection (n)(2) of 21 U.S.C. § 853 allows any person, other than the defendant, asserting a "legal interest" in the property to petition the district court for a hearing to adjudicate its asserted interest. *See, e.g., White*, 675 F.3d at 1078 ("Statutory standing under 21 U.S.C. § 853(n) requires that White demonstrate a legal interest in the proceeds of the ZINK stock."); *see also United States v. Oregon*, 671 F.3d 484, 491 (4th Cir. 2012) ("the touchstone for standing is the possession of a legal interest in the forfeited property"). Here, the government's motions to dismiss the pending petitions focuses on the requirements for statutory standing (Dkt 111 at 13-15).

The statute governing third-party claims in criminal forfeiture proceedings provides that a court shall amend an order of forfeiture only where the petitioner has established by a preponderance of the evidence either that "(A) the petitioner has a legal right, title, or interest in the property" that

was "vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property," 21 U.S.C. § 853(n)(6)(A); or "(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture," 21 U.S.C. § 853(n)(6)(B). *See United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009) ("A forfeiture claimant may obtain relief on one of two grounds: that its interest is 'superior' to the government's or that it was a 'bona fide purchaser for value.'"); *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991) ("…Congress, in enacting section 853(n)(6)(A) and (B), intended to accord standing to only two narrow classes of third parties, and intended to require all other third parties to petition the Attorney General for relief…").

The statute further mandates that "[t]he petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3).

"[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) (citation omitted). "[A] petition's factual allegations are to be taken as true and are to be construed in favor of the petitioner;" however, "[c]onclusory allegations are not entitled to be assumed true." *Id.* at 667 n.11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Where a petitioner fails to allege or make a

7

prima facie showing of any legal right, title or interest in the forfeited property, no hearing or trial is mandated. *Id.* at 664 n.6 (citing *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988), and *United States v. O'Brien*, 181 F.3d 105, 1999 WL 357755, at *3 (6th Cir. 1999)). For the reasons more fully stated by the government, the petitions filed by the Fabians, Mais, and Jackson are properly dismissed.

**B.     Fabian Family Petitions to Set Aside Forfeiture**

Two petitions are pending from the Fabians: a May 11, 2012 Petition to Set Aside Forfeiture (Dkt 92); and a July 30, 2012 Petition for Relief from the Court's Supplemental Preliminary Order (Dkt 131), as subsequently amended (Dkt 135) and corrected (Dkt 144).

**1.     The May 11, 2012 Petition (Dkt 92)**

As a threshold matter, the Court observes that the Fabians claimed in their May 11, 2012 petition numerous items of personal property that they indicate are "[n]ot listed" on the Court's forfeiture Order (Dkt 92-1 at 2-5). They also claim certain real property not subject to the Court's Forfeiture Order (30251 10th Avenue, Gobles, MI, Parcel # 80-15-017-00 and Parcel #80-15-016-029-00; and Crooked Creek Rd., Cassopolis, MI, Parcel #14-010-017-294-11 and Parcel # 14-010-008-144-01). This Court lacks subject-matter jurisdiction to adjudicate the Fabians' interest in property not subject to the Court's forfeiture Order.

The Fabians' May 11, 2012 petition also claims approximately 350 items of personal property that are subject to the Court's Forfeiture Order, primarily tractors and other farm equipment that the Fabians assert "were purchased by D&K Farms or otherwise by Mr. Fabian (or Karen Fabian) and their kids (Jason, Kaitlyn, Heather, and Stephanie)…many years before 2005 when the government alleges Mr. Fabian's fraudulent activities began…[and that] these tractors and farm

8

implements were gifted, sold and otherwise transferred to [them]" (Dkt 92 at 3). They assert that "the property and assets addressed in Ex. A belong (in whole or in part) to the Petitioners so criminal forfeiture is not proper of that property/those assets" (*id.*).

The Court agrees with the government that the Fabians' May 11, 2012 petition is conclusory and does not contain the information required by 21 U.S.C. § 853(n)(3) to demonstrate statutory standing. Exhibit A to the Fabians' May 11, 2012 petition does not set forth "the nature and extent" of the Fabians' purported rights, titles, or interests in the personal property. The vast majority of items are delineated under a column titled "Gifted/Transfered [sic] from, if applicable," with no other information to describe the nature and extent of the rights, titles or interests purportedly gifted or transferred. Nor does Exhibit A to the Fabians' May 11, 2012 petition set forth "the time and circumstances" of the Fabians' acquisition of their rights, titles, or interests in the property. The Fabians provide no specific dates as to when the tractors and other personal property were allegedly gifted, transferred or purchased, indicating merely a year (with or without a "?") or a range of years (e.g., "between the years of 1997–early 2005"). As the government points out, their Petition would not be substantively different had they instead stated for each item: "Petitioner owns this item and has owned it since 2005 [or other asserted year or year-range for each item]" (Dkt 111 at 16). For approximately forty items near the end of Exhibit A, the Fabians provide no information at all regarding the nature and extent of their interests or the time and circumstances of the acquisition of their interests in property they simply state "[b]elong[s] to Fabian Family Trust" (Dkt 92-1 at 8).

Last, the Fabians identify approximately twenty items of personal property about which they indicate they "need[] clarification" (*id.*). However, the government provided counsel for the Fabians a package of inventory sheets and photographs to facilitate the Fabians' identification and claims

9

(Dkt 99-1), and the Fabians did not thereafter provide any further information to support their claim to the remaining thirty-two assets.

In their response to the government's motion to dismiss, the Fabians assert that this Court should not grant the government's motion to dismiss "without giving the Fabian Family the opportunity to conduct discovery and then provide that testimony in the context of a hearing" (Dkt 132 at 6). However, Federal Rule of Criminal Procedure 32.2 instructs that the court may permit the parties to conduct discovery "*after* disposing of any motion filed under Rule 32.2(c)(1)(A)." FED. R. CRIM. P. 32.2(c)(1)(B) (emphasis added). And no hearing or trial is mandated where, as here, a petitioner fails to allege or make a prima facie showing of any legal right, title or interest in the forfeited property. *Salti*, 579 F.3d at 664 n.6. As the Sixth Circuit of Appeals has explained, "'naked possession' claims are insufficient to establish standing. When confronted with mere physical possession of property as a basis for standing, we require some explanation or contextual information regarding the claimant's relationship to the seized property." *$515,060.42 in U.S. Currency*, 152 F.3d at 498.

Even assuming the truth of the statements in the petition, the Fabians' May 11, 2012 petition does not demonstrate that they have standing to assert a claim under 21 U.S.C. § 853(n)(3). Consequently, the Court dismisses the Fabians' claim to all personal property listed in their May 11, 2012 petition.

### 2. The July 30, 2012 Petition (Dkt 131)

The Fabians filed a second petition on July 30, 2012, claiming ten of the approximately 100 items subject to the Court's Supplemental Preliminary Order (Dkt 131). The government provides three persuasive reasons why the Court should also dismiss the Fabians' July 30, 2012 petition.

First, the government argues that the Fabians' claim to certain assets is untimely. The government points out that the Fabians never claimed Property #9 and Asset #800 in their petition filed on May 11, 2012 in response to the Court's Amended Preliminary Order of Forfeiture. The government correctly points out that if the Fabians wanted to challenge forfeiture of these two assets, then it was their burden to claim them within 30 days of receiving direct notice by including them in their first petition. *See* 21 U.S.C. § 853(n)(2) (providing that "a third-party claimant must present its claim(s) to forfeited property within thirty days of the final publication of the notice or receipt of notice, whichever is earlier"). Therefore, the Court dismisses the Fabians' claims to these two assets as untimely. *See* 21 U.S.C. §853(n)(7) ("…if no such petitions are filed following the expiration of the period provided in [21 U.S.C. § 853(n)(2)] for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture"); FED. R. CRIM. P. 32.2(c)(2) ("If no third party files a timely petition, the preliminary order becomes the final order of forfeiture…").

Second, the government persuasively argues that the Court should also dismiss with prejudice the claims of SWM Holdings, LLC and Great Lakes Equities Trust because neither entity had a representative sign the petition under penalty of perjury as required by 21 U.S.C. § 853(n)(3) (Dkt 135, Supplemental Petition at 6, 7). Further, the Fabians' corrected Amended Petition, containing a signature for SWM Holdings, LLC, was filed well past the thirty-day period provided in 21 U.S.C. § 853(n)(2). Therefore, the Court grants the government's Motion to Strike (Dkt 146) the corrected Amended Petition and further agrees that the claims of SWM Holdings, LLC and Great Lakes Equities Trust are properly dismissed with prejudice.

Last, the government argues that the Court should also dismiss, with prejudice, the Fabians' claim to the ten assets from the Court's Supplemental Preliminary Order. As with the omissions in their first petition, the Fabians have failed to allege the facts required by 21 U.S.C. § 853(n)(3) to establish their legal interest in each asset claimed in this second petition. Rather, the Fabians again make only conclusory assertions of title, failing to provide information about the transfers that took place or even specify which family member is the purported owner.

For these three reasons, the Court dismisses the Fabians' claim to all property listed in their July 30, 2012 petition.

**C.     Mais Petition to Set Aside Forfeiture**

Mais filed a petition on behalf of himself individually, and as trustee of the Jerry A. Mais Revocable Trust and the Mais Family Trust (collectively "Mais"), asserting an interest in eleven parcels of real property, a series of vehicles, and "all personal property from D&K Farms, LLC" (Dkt 94).

As a threshold matter, this Court lacks subject-matter jurisdiction to adjudicate Mais' interest in items not subject to the Court's Second Amended Preliminary Order of Forfeiture. *See* Dkt 94, Ex. A (listing eight vehicles to which Defendant purportedly signed over title to Mais as security for loans).

With respect to the property that *is* subject to the Court's Forfeiture Order, Mais, like the Fabians, has not provided facts sufficient under 21 U.S.C. § 853(n)(3) to demonstrate standing to pursue an interest in the property being forfeited. Mais indicates a "legal interest" in the real property he identifies, with no description of either the nature and extent of his purported rights, titles, or interests in the property, nor any description of the time and circumstances of his

12

acquisition of the rights, titles, or interests in the property other than to vaguely state that the Fabians' concomitant interests in several unspecified parcels "are as a result of fraudulent conveyances to either the Fabian Family Trust or Kaitlyn Fabian from corporate or LLC interests in which Petitioners have a legal interest" (Dkt 94 at ¶ 6).

Further, Mais appears to base his legal interest in certain property on a default judgment against D&K Farms, LLC (Dkt 94 at ¶ 10). Mais does not assert whether he is a member of D&K Farms, LLC, and D&K Farms, LLC has not, in any event, filed a claim in this action. Further, Mais has not demonstrated that he has standing to assert a claim under 21 U.S.C. § 853(n)(6)(A) that is superior to the government's interest set forth in the July 25, 2011 Preliminary Order of Forfeiture for Substitute Assets. *See United States v. Campos*, 859 F.2d 1233, 1239 (6th Cir. 1988) ("One may have an 'interest' in forfeited property (in the broad sense of being a general creditor) in order to have standing, but he also must make at least a prima facie showing of a 'vested' or a 'superior' interest to come within the meaning of subsection (A)").

In sum, the Court agrees with the government that the Mais petition does not demonstrate that Mais has standing to assert a claim under 21 U.S.C. § 853(n)(3). Accordingly, the Mais petition is also dismissed in its entirety.

**D.      Jackson Petition to Set Aside Forfeiture**

Jackson filed a petition claiming an interest in 6618 Paw Paw Lake Road, Coloma, MI 49038 (property #6) listed on the Court's Forfeiture Order (Dkt 95). Jackson indicates that she lives at 6618 Paw Paw Lake Road, that it is her understanding that the property was bought at an auction with Karen Fabian's money, and that the house was "put in trust to protect it from our creditors" (Dkt 95 at 1, 7). Property records included as Exhibit 1 to her petition indicate that Karen Fabian

13

purchased the home on May 1, 2009 and transferred the property by quit-claim deed to the Smith-Jackson Family Trust on August 9, 2010 (*id.* at 10). The Smith-Jackson Family Trust did not file a claim in this forfeiture proceeding.

As the government points out, Jackson did not sign her petition under penalty of perjury as required by 21 U.S.C. § 853(n)(3), despite the government's letter to advise her to do so (Dkt 99-2) and this Court's Order granting her an extension of time to file an amended petition (Dkt 103). The requirement that a third-party petition for a § 853(n) hearing must be signed under penalty of perjury is "not a mere technical requirement that we easily excuse." *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000). As the Second Circuit Court of Appeals observed, "there is a substantial danger of false claims in forfeiture proceedings...." *Mercado v. U.S. Customs Serv.*, 873 F.2d 641, 645 (2d Cir. 1989); *see also United States v. $487,825, 000 in U.S. Currency*, 484 F.3d 662, 664-65 (3d Cir. 2007) ("A claimant who fails to file a verified statement has no standing to contest a forfeiture."); *United States v. U.S. Currency, in the Amount of $103,387.27*, 863 F.2d 555, 559 (7th Cir. 1988) (same).

Here, where Jackson received timely notice of the requirements for filing a petition, the Court agrees her unsigned petition is properly dismissed. *See, e.g., United States v. Owens*, No. 1:09-cr-89, 2010 WL 583910, at * 2 (S.D. Ind. Feb. 12, 2010) (dismissing petition not signed under penalty of perjury and opining that "there is no excuse for failing to follow the plain language of an unambiguous federal rule that the United States provided to Boswell in the two letters").

### III. CONCLUSION

For the foregoing reasons, the Court grants the government's Motion to Dismiss the Fabians' Petition (Dkt 108) and dismisses the Fabians' Petition to Set Aside Forfeiture as to all personal

property claimed in the petition (Dkt 92); grants the government's Motion to Dismiss the Mais Petition (Dkt 110) and dismisses the Mais Petition to Set Aside Forfeiture (Dkt 94); grants the government's Motion to Dismiss the Jackson Petition (Dkt 109) and dismisses the Jackson Petition to Set Aside Forfeiture (Dkt 95); grants the government's Motion to Strike (Dkt 146) and strikes the Fabians' corrected Amended Petition (Dkt 144); and grants the government's Motion to Dismiss the Fabians' Amended Petition (Dkt 141) and dismisses the Fabians' Amended Petition to Set Aside Forfeiture (Dkts 131, 135). An Order consistent with this Opinion will enter.


DATED: January 14, 2013    /s/ Janet T. Neff
    JANET T. NEFF
    United States District Judge